UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FERNANDO GODINEZ,** ) | **CASE NO. 3:15-cv-00016-DAP** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER ADOPTING R & R** |
| ) | **AND DISMISSING PETITION** |
| **RON ERDOS,** *Warden*, ) | |
| ) | |
| Respondent. ) | |

**I. Case History**

On January 5, 2015, Petitioner Fernando Godinez filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), Doc #: 1. The matter was referred to Magistrate Judge White for a report and recommendation, who set a briefing schedule for a return of writ, traverse, and reply. Order 1, Doc #: 3.

On March 30, 2015, Respondent Warden Ron Erdos filed the Return of Writ, Doc #: 5. On or about April 20, 2015, Godinez filed a Motion for Extension of Time requesting thirty extra days to file his traverse in reply, Doc #: 6, which was granted. On May 20, 2015, Godinez again moved for an extension of time, Doc #: 7, which was again granted. Godinez filed nothing further.

On March 29, 2016, the case was withdrawn from Magistrate Judge White, due to his retirement, and re-referred to Magistrate Judge Parker. As with all other docket entries, this notice was mailed to Godinez. However, on April 9, 2016, this notice was returned to the Court marked "Paroled 7/25/15." Doc #: 9.

On July 18, 2016, Magistrate Judge Parker issued his Report and Recommendation ("R & R"), Doc #: 10. Magistrate Judge Parker recommends the Court deny Godinez's petition, specifically concluding that Grounds One through Six are untimely and that Ground Seven is partially untimely and partially noncognizable. R & R at 17. On August 15, 2016, the R & R was mailed to Godinez's last known address. No objections have been filed

**II. Discussion**

The Court now adopts the R & R as unopposed and denies Godinez's Petition.

Under the relevant statute,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). However, where a party fails to object, a district court is not required to conduct any review, *de novo* or otherwise, of the report and recommendations of a magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file written objections also results in a waiver of the right to appeal. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

As of September 13, 2016, Godinez has filed no objection to the R & R. Although the

mailed R & R has not been returned as undeliverable, the Court notes that on April 19, 2015, mail addressed to Godinez at his last known address was returned to the Court. *See* Doc #: 9.

A petitioner has an affirmative duty to advise the Court of any change in his address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1, 1994 U.S. App. LEXIS 9709, at *3 (6th Cir. 1994). Moreover, "[b]y failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action." *Blackwell v. Warden, Lebanon Correction Inst.*, No. 1:08CV158, 2009 WL 764638, at *1 n.1, 2009 U.S. Dist. LEXIS 23443, at *1 n.1 (S.D. Ohio Mar. 20, 2009). "Because the Recommendation was mailed to the last known address, it was properly served, and the party waived his right to appellate review." *Cunningham v. Hamilton Cty. Sheriff*, No. 1:14-CV-377, 2014 WL 4639194, at *1 n.1, 2014 U.S. Dist. LEXIS 130671, at *1 n.1 (S.D. Ohio Sept. 16, 2014); *accord Pruitt v. Ohio*, No. 1:10CV313, 2010 WL 2620804, at *1, 2010 U.S. Dist. LEXIS 63484, at *1 (S.D. Ohio June 25, 2010) ("The failure to keep the Court apprised of his current address, does not excuse an untimely filing of any objections.").

The record reflects that the R & R was mailed, on August 15, 2016, to Godinez at the address provided by him. Godinez has had many months to update his address with the Court and has not done so. Thus, because the R & R was mailed to Godinez's last known address, it was properly served regardless of whether it was received. Notice has been given to the parties of the R & R, the right to object, and the consequences of failing to so object. Twenty-nine have now passed, and Godinez not filed any objection to the R & R.

The Court has reviewed the unopposed R & R. The Court agrees with Magistrate Judge Parker that Godinez's petition is untimely in part and noncognizable in part and that denial of the

-3-

petition is appropriate. The Court also notes that Godinez, by failing to update his address and failing to file a traverse, has failed to prosecute his petition.

## III. Conclusion

As discussed above, the Court ADOPTS as unopposed the Magistrate Judge's R & R, Doc. # 10, and DENIES the Petition, Doc #: 1.

IT IS SO ORDERED.

*/s/ Dan A. Polster     Sept. 13, 2016*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**